UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON MORENO-CUEVAS | : | |
| | : | |
| v. | : | CIV. NO. 3:09CV1237 (JCH) |
| | : | |
| HUNTINGTON LEARNING CENTER | : | |
| and KIMBERLY CARROLL | : | |

Ruling on Pending Motions

On November 16, 2009, the Court held oral argument on plaintiff's six pending motions, including the Motion for Award of Expenses [Doc. #17], Motion to Amend [Doc. #19], Motions to Compel [Doc. ##23 and 24], Motion to Amend [Doc. #25] and the Motion for Sanctions [Doc. #35].  At the hearing, the Court granted Motion to Amend [Doc. #19] by agreement.  Additionally, defendant made an oral motion for the Court to advise plaintiff to adhere to the Local and Federal Rules of Civil Procedure. After careful consideration, the Court rules as follows:

First, the Court **GRANTS** defendant's oral motion for the Court to advise plaintiff to adhere to the Federal and Local Rules of Civil Procedure.  The plaintiff has failed to comply with D. Conn. L. Civ. R. 37(a)(2) in all of his motions.  D. Conn. L. Civ. R 37(a)(2) provides:

> No motion pursuant to Rules 26 through 37,
> Fed. R. Civ. P. Shall be filed unless counsel
> making the motion has <u>conferred with opposing
> counsel and discussed the discovery issues
> between them in detail in a good faith effort
> to eliminate or reduce the area of
> controversy, and to arrive at a mutually
> satisfactory resolution</u>.  In the event the

1

> consultations of counsel do not fully resolve
> the discovery issues, counsel making a
> discovery motion shall file with the Court,
> as part of the motion papers, <u>an affidavit
> certifying that he or she has conferred with
> counsel for the opposing party in an effort
> in good faith to resolve by agreement the
> issues raised by the motion without the
> intervention of the Court</u>, and has been
> unable to reach such an agreement. If some of
> the issues raised by the motion have been
> resolved by agreement, the affidavit shall
> specify the issues so resolved and the issues
> remaining unresolved.

(emphasis added).

Plaintiff stated that he understands the Federal and Local Rules of Civil Procedure.  The parties are hereby warned that failure to comply with the Court's rulings and orders may subject the non-complying party to sanctions including, but not limited to, attorneys' fees, costs, and other appropriate sanctions, which may include dismissal of this action.  <u>See</u> Fed. R. Civ. P. 37.

<u>Doc. #17 Plaintiff's Motion for Award of Expenses</u>

Plaintiff's Motion for Award of Expenses is **DENIED**.  *Pro se* litigants are not entitled to recover attorney's fees.  The Second Circuit has stated "we do not believe that Congress intended to permit an award of attorney's fees to *pro se* litigants . . . who have made no showing that prosecuting their lawsuits caused them to divert any of their time from income-producing activity."  <u>Crooker v. U.S. Dept. of Treasury</u>, 634 F.2d 48, 49 (2d Cir. 1980).

2

<u>Docs. ##23 and 24 Plaintiff's Motions to Compel</u>

Both of plaintiff's Motions to Compel seek the same information.  Plaintiff made his requests on September 23, 2009 before the due date for initial disclosures.  Defendants provided their initial disclosures one week in advance of their due date on October 9, 2009.  The initial disclosures moot many of plaintiff's requests in his letter dated September 23, 2009.

In Requests Nos. 1, 2 and 3, plaintiff seeks the names and addresses of several employees of Huntington Learning Center. Defendants have indicated that plaintiff can contact all of the requested employees through Counsel except one who is no longer employed by them.  The Court finds this response sufficient.

Requests Nos. 4, 5, 6, 7 and 9 seek names and addresses of various students that both plaintiff and "Jessica" taught during his employment with Huntington Learning Center.  Plaintiff is directed to provide the Court with a list of names that he remembers by the date of the discovery conference.

Request No. 12 seeks "any insurance as described in rule 26(a)(1)(A)(iv)."  Mr. Moreno-Cuevas stated that he received an insurance card but that it was expired.  The insurance information that was provided is the correct insurance; it was valid at the time of the incident and would be the proper insurer if plaintiff prevails on his claims.

<u>Doc. #25 Plaintiff's Motion to Amend</u>

Plaintiff's Motion to Amend is the third such motion and seeks to join John Cocchieri, George Beck and Jessica Bocchino as defendants.[1]

Rule 15(a) requires that a court's permission to amend a pleading "shall be freely given when justice so requires."  <u>See</u> Fed. R. Civ. P. 15(a).  The decision whether to grant leave to amend is within the court's sound discretion.  <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  As <u>Foman</u> "makes equally and explicitly clear, that discretion must be exercised in terms of a justifying reason or reasons consonant with the liberalizing `spirit of the Federal Rules.'"   <u>United States v. Continental Illinois Nat'l Bank & Trust</u>, 889 F.2d 1248, 1254 (2d Cir. 1989) (quoting Fed. R. Civ. P. 1, which states that rules are to be construed "to secure the just, speedy, and inexpensive determination of every action.").  "[L]eave to amend need not be granted with respect to amendments which would not serve any purpose."  3 James Wm. Moore et al., Moore's Federal Practice ¶15.08, 15-8081 (2d Ed. 1996); <u>Foman</u>, 371 U.S. at 182 ("futility of amendment" is a justifying reason to deny amendment.).

The amendment sought would not serve any purpose. Plaintiff's complaint alleges violations of Title VII and the

---

[1] The first motion to Amend [Doc. #13] was granted on September 2, 2009.  Plaintiff's Second Motion to Amend [Doc. #19] was granted during oral argument on November 16, 2009.

Americans with Disabilities Act ("ADA").  There is no individual liability under Title VII or the ADA.  See Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995) ("[A]n employer's agent may not be held individually liable under Title VII.").

Plaintiff stated that he wanted to add these individual defendants so that he would have the ability to depose them.  The Court explained to Mr. Moreno-Cuevas during oral argument that he may depose these individuals without adding them as named defendants.  Accordingly, plaintiff's Motion to Amend [Doc. #25] is **DENIED**.

Doc. #35 Plaintiff's Motion for Sanctions

Plaintiff accuses defendants' counsel of "deceiving the plaintiff and the Court" in the Answer and Affirmative Defenses, "by writing facts contrary to what plaintiff had asserted in his complaint." [Doc. #22].  Fed. R. Civ. P. 8(b) states that the answer must "admit or deny every element of the plaintiff's claim."  With few exceptions, the answer denies the wrongdoing alleged.  The answer must admit or deny each of the averments in the complaint unless the responding party "lacks knowledge or information sufficient to form a belief about the truth of an allegation."  Fed. R. Civ. P. 8(b)(5).  The answer should also contain, in short and plain terms, the responding party's defense as to each claim asserted.  Failure to deny an allegation in a complaint, other than an allegation as to the amount of damage,

constitutes an admission.  Moore's Fed. Prac. § 7.02[3][a].
While the Court understands plaintiff's confusion about the legal
process, a Rule 11 violation is something this Court takes very
seriously and cautions plaintiff about making such attacks on
opposing counsel.  "Rule 11 seeks to discourage dilatory and
abusive litigation tactics."  Paganucci v. City of New York, 993
F.2d 310, 312 (2d Cir. 1993).  Admitting and denying allegations
in the complaint is done in the ordinary course of business in
civil litigation and is not cause for sanctions.  Thus,
plaintiff's Motion for Sanctions [Doc. #35] is **DENIED**.

Conclusion

     Accordingly, the Court **DENIES** Plaintiff's Motion for Award
of Expenses **[Doc. #17], GRANTS IN PART AND DENIES IN PART**
Plaintiff's Motions to Compel **[Doc. ##23 and 24], DENIES**
Plaintiff's Motion to Amend **[Doc. #25]** and **DENIES** Plaintiff's
Motion for Sanctions **[Doc. #35].**  Defendant's oral motion for the
Court to advise plaintiff to adhere to the Local and Federal
Rules of Civil Procedure is **GRANTED.**

     The parties are directed to arrange a discovery conference
with the Court at a mutually convenient time and refrain from
filing of motions without the Court's permission, until such
conference.

     This is not a recommended ruling.  This is a discovery
ruling and order which is reviewable pursuant to the "clearly

6

erroneous" statutory standard of review.  28 U.S.C. § 636

(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of

the Local Rules for United States Magistrate

 Judges.  As such, it is order of the Court unless reversed or

modified by the district judge upon motion timely made.

     SO ORDERED at Bridgeport this 20th day of November 2009.


                  _____/s/_____
                  HOLLY B. FITZSIMMONS
                  UNITED STATES MAGISTRATE JUDGE