UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAMON MORENO-CUEVAS, : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 09-cv-01237 (JCH) |
| : | |
| HUNTINGTON LEARNING CENTER, : | |
| et al., : | MARCH 9, 2010 |
|     Defendants. : | |

**RULING RE: PLAINTIFF'S OBJECTION TO ORDER (Doc. No. 70)**

**I.    INTRODUCTION**

Plaintiff Ramon Moreno-Cuevas objects to Magistrate Judge Holly B. Fitzsimmons' Order of January 14, 2010.  See Pl.'s Objection to Order ("Objection")(Doc. No. 70).  After a discovery conference on December 15, 2009, Judge Fitzsimmons ordered Moreno-Cuevas to respond to defendants' outstanding discovery requests and to reserve his interrogatories on defendants. See Dec. 15 Order (Doc. No. 66).  Judge Fitzsimmons ordered the parties to meet and confer if they had objections to the discovery, and to each send a letter to the court by January 11, 2010, stating "which, if any, objections were not resolved."  See id.  Another discovery conference was set for January, with any outstanding issues to be resolved at that time.  See id.

On January 11, Moreno-Cuevas sent a letter to the court – but not the defendants[1] – informing Judge Fitzsimmons of an issue he had with one of the documents defendants turned over to him, and stating that defendants had

---

[1] Plaintiff is again advised that any communication with the court must be served on all parties.  Failure to do so in the future will result in sanctions.

1

served more than 25 interrogatories without the court's permission, and so he had "returned the interrogatories to be properly served." See Pl's Letter (attached to Jan. 14 Order)(Doc. No. 69). On January 14, Judge Fitzsimmons issued the following order:

> Plaintiff is directed to file all documents with the Court and opposing counsel. Plaintiff is directed to answer the interrogatories to the best of his ability and bring the materials with him to the discovery conference on 1/22/10.

See Jan. 14 Order (Doc. No. 69). Moreno-Cuevas' letter was attached to the text order, as it had not been sent to the defendants or properly filed with the court. On January 22, 2009, Moreno-Cuevas filed this Objection. See Objection. Defendants opposed the Objection. See Def.'s Response to Objection ("Def.'s Resp.")(Doc. No. 75). For the following reasons, the court overrules Moreno-Cuevas' objection and finds that Judge Fitzsimmons' Order was not clearly erroneous or contrary to law.

## II.   DISCUSSION

When a party objects to a magistrate judge's order on a non-dispositive motion, the district judge reviews that ruling and must modify or set aside the order if is "clearly erroneous or contrary to law." See Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395 (U.S. 1948). This "clear error" error standard applies to discovery rulings. See L.R. 72.1(C)(2); L.R. 72.2. The party objecting to a magistrate judge's

discovery ruling bears a heavy burden, as "[m]agistrate judges are . . . afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused." See Hudson v. Gen. Dynamics Corp., 186 F.R.D. 271, 273 (D. Conn. 1999) (internal citations omitted).

Moreno-Cuevas' Objection begins with a list of the wrongs he believes the defendants have done to him in the discovery process,. See Objection at 2-3. Moreno-Cuevas then states, "After all of these violations of Defendants' attorneys, the Honorable Magistrate Judge overseeing the case issued this order that has no bases [sic] to be issued . . . ." See id. at 3. Moreno-Cuevas then notes that the court has previously declared one of his motions moot for a failure to comply with Federal Rule of Civil Procedure 37, and denied his request to serve more than 25 interrogatories. See id. Moreno-Cuevas then argues that "[i]t is a matter of fairness and simple justice to apply the same rule to the same situations." See id.

While Moreno-Cuevas complains that the Magistrate Judge acted without a Motion to Compel or without a Rule 37 conference between the plaintiff and defendant, the court notes that the Magistrate Judge acted because Moreno-Cuevas had sent her a letter (ex parte) raising the issue of the defendants' violation of Rule 33(a)(1) by serving more than 25 interrogatories.  It was in response to this letter that Judge Fitzsimmons very reasonably invited Moreno-Cuevas to answer what he could, and also scheduled a conference.  It was within Judge Fitzsimmons' discretion to manage the discovery issues referred to her in this case.  In her January 14 Order, Judge Fitzsimmons ordered Moreno-

Cuevas to answer the interrogatories "to the best of his ability" and to bring his concerns to the discovery conference scheduled for the next week. See Jan. 14 Order. Although there is a dispute between the parties as to the number of interrogatories defendants actually served on Moreno-Cuevas,[2] this court notes that Judge Fitzsimmons did not order Moreno-Cuevas to answer every interrogatory served upon him. She merely ordered him to answer "to the best of his ability." It was well within Judge Fitzsimmons' discretion, and certainly not clear error or contrary to law, to issue such an order and to decide that the case's outstanding discovery issues were best resolved in person at a conference.

Subsequently, despite having told the Magistrate Judge he would answer the interrogatories if the error were corrected (both in a letter on January 11 and at the January 22 conference), and the fact that defendants have re-served the interrogatories after the January 22 conference, Moreno-Cuevas still failed to respond to the interrogatories by the deadline of February 1. If Moreno-Cuevas has still not responded by today, the defendants are ordered to file a Motion to Compel.

For the reasons stated above, the plaintiff's Objection (Doc. No. 70) is **OVERRULED.**

---

[2] Defendants argue that Moreno-Cuevas' claim that they served more than 25 interrogatories is incorrect. See Def.'s Resp. at 2. They argue that Moreno-Cuevas is counting Requests for Production as interrogatories because those Requests incorrectly reference Federal Rule of Civil Procedure 33 rather than Rule 34. See id.

**SO ORDERED**.

Dated this 9th day of March, 2010, at Bridgeport, Connecticut.

      /s/ Janet C. Hall
Janet C.  Hall
United States District Judge