UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON MORENO-CUEVAS, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 09-cv-01237 (JCH) |
| | : | |
| HUNTINGTON LEARNING CENTER, | : | |
| et al., | : | MARCH 18, 2010 |
|     Defendants. | : | |

**RULING RE: PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**
**(Doc. No. 31)**

**I.   INTRODUCTION**

Plaintiff Ramon Moreno-Cuevas brings this action against his former employer, Huntington Learning Center ("Huntington") and Kimberly Carroll, the managing director at his location.  In his Amended Complaint, Moreno-Cuevas alleges statutory violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-2(a)(1) and of the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 621 et seq.  See Am. Compl. (Doc. No. 18).  Moreno-Cuevas filed his Amended Complaint on September 2, 2009.  See Am. Comp.  Defendants filed an Answer, with affirmative defenses, on September 29, 2009.  See Answer (Doc. No. 22).  On October 19, 2009, Moreno-Cuevas filed a Motion for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(3)(i).  See Mot. for Jmt. on Pleadings (Doc. No. 31).  For the reasons that follow, the Motion is denied.

**II.   STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

1

Fed. R. Civ. P. 12(c).  "The legal standards for review of motions pursuant to Rule 12(b)(6) and Rule 12(c) are indistinguishable." DeMuria v. Hawkes, 328 F.3d 704, 706 n.1 (2d Cir. 2003).  On a motion for judgment on the pleadings, the court must accept all factual allegations in the non-moving party's pleading as true and draw all inferences in the non-moving party's favor.  See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).  When the plaintiff is the moving party, he "may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." See 5C WRIGHT & MILLER, FED. PRACTICE & PROCEDURE, § 1368.  Courts have been unwilling to grant a 12(c) motion "unless the movant clearly establishes that no material issue of fact remains to be resolved and he is entitled to judgment as a matter of law." See id.

### III.   DISCUSSION

A court must not grant a Rule 12(c) motion if there are disputed issues of fact remaining in the case.  See Sheppard v. Beerman, 18 F.3d 147, 151 (2d Cir. 1994).  "A material issue of fact that will prevent a motion under Rule 12(c) from being successful may be framed by an express conflict on a particular point between the parties' respective pleadings." See 5C WRIGHT & MILLER at § 1368.

In his Amended Complaint, Moreno-Cuevas alleges that Huntington failed to promote him and terminated him due to discrimination on the basis of race, color, age, and national origin.  See Am. Compl. at ¶¶ 5-6.  For example, Moreno-Cuevas alleges that he "applied to the position of Managing Director, which was announced through an internet bulleting at Huntington.  By my resume and my experience I was better qualified than selected candidates." See id. at ¶ 6.  Moreno-Cuevas also alleges that

this position was open on two occasions, and on both occasions it was denied to him "without any explanation of why it was denied." See id. at ¶ 7. Moreno-Cuevas alleges that he was better qualified and had seniority over those who were promoted. See id.

Defendants deny many of Moreno-Cuevas' allegations, including those described above.[1] See Answer at ¶ 5-7. On a Motion for Judgment on the Pleadings, the court must accept the non-moving parties' pleadings as true. See Miller, 321 F.3d at 300. Assuming there is a basis for defendants' denials, there are express conflicts between the two parties' pleadings. Therefore, there are disputed issues of material fact before the court and judgment on the pleadings is inappropriate.

Moreno-Cuevas has failed to clearly establish that no issues of disputed material fact remain to be resolved; therefore, his Motion for Judgment on the Pleadings is denied.

## IV.   CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 31) is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 18th day of March, 2010.

   /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[1] The court uses paragraphs 5-7 of Moreno-Cuevas' Amended Complaint as an example only. Defendants deny many of Moreno-Cuevas' claims, not just those found in paragraphs 5-7. However, because a party must "clearly establish that no issue of material fact remains to be resolved" in order to prevail on a Motion for Judgment on the Pleadings, see 5C WRIGHT & MILLER at § 1368(emphasis added), and ¶¶ 5-7 are material issues, the court will not address every disputed issue of material fact in this Ruling. It is enough to note that disputed issues of material fact remain.