UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| RAMON MORENO-CUEVAS, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:09-CV-1237 (JCH) |
| | : | |
| v. | : | |
| | : | |
| HUNTINGTON LEARNING CENTER | : | MARCH 17, 2011 |
| and KIMBERLY CARROLL, | : | |
| Defendants. | : | |

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 157)**

Plaintiff, Ramon Moreno-Cuevas ("Moreno-Cuevas"), brings this action, pro se, against defendants Huntington Learning Center ("HLC") and Kimberly Carroll ("Carroll"), alleging he suffered damages resulting from violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("the ADEA"). Moreno-Cuevas's Complaint includes two clear causes of action. First, he alleges that defendants failed to promote him to Managing Director due to his race, color, national origin, and age. See Compl. 2, 3, i-ii, v (Doc. No. 1). Next, he alleges that he was effectively terminated from his position at HLC due to his race, color, national origin, and age, when he was removed from the teaching schedule at HLC. id. at 2, v. Within Moreno-Cuevas's Complaint, the court also identifies allegations suggesting a hostile work environment claim. See id. at ii-v; see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (noting that a pro se litigant's complaint should be construed liberally).

Defendants filed a Motion for Summary Judgment (Doc. No. 157), arguing that,

based on the undisputed facts in the record, no material issues of fact exist such that a reasonable jury could find in Moreno-Cuevas's favor. Moreno-Cuevas has not filed in opposition to defendants' Motion, and, for the following reasons, the court grants defendants' Motion for Summary Judgment, absent objection. See Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241 (2d Cir. 2004) (holding that, even where party has failed to file an opposition, a court must consider evidence in record before entering judgment); see also Fed. R. Civ. P. 56(e)(2) (permitting court to consider a fact "undisputed" when one party fails to properly address another party's assertion of fact).

Moreno-Cuevas's discriminatory failure to promote and termination claims are analyzed using the burden-shifting test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Estate of Hamilton v. City of New York, 627 F.3d 50, 55-56 (2d Cir. 2010) (utilizing McDonnell Douglas test in Title VII case); Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 105-06 (2d Cir. 2010) (applying test in ADEA case). If Moreno-Cuevas can prove his prima facie case of discriminatory failure to promote or termination, the burden shifts to defendants "to articulate some legitimate, nondiscriminatory reason" for their decisions. McDonnell Douglas, 411 U.S. at 802. The burden then returns to plaintiff to prove that these reasons are a pretext for discrimination. Id. at 804.

Defendants here have articulated non-discriminatory reasons for their failure to promote Moreno-Cuevas to the position of Managing Director and for their removal of Moreno-Cuevas from the teaching schedule. Further, there is no evidence in the record

before the court sufficient to create a material issue of fact such that a reasonable jury could find defendants' non-discriminatory reasons to be pretexts for discrimination on the basis of race, national origin, or age. Therefore, summary judgment in favor of defendants as to Moreno-Cuvas's failure to promote and unlawful termination claims is appropriate.[1]

Moreno-Cuevas's hostile work environment claim also fails as a matter of law. In order to establish a hostile work environment claim, Moreno-Cuevas must establish that discrimination within HLC was so severe or pervasive that it altered the conditions of his employment. See Pucino v. Verizon Wireless Commc'ns, Inc., 618 F.3d 112, 119 (2d Cir. 2010) (Title VII); Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 240 (2d Cir. 2007) (ADEA). "'A work environment will be considered hostile if a reasonable person would have found it to be so and if the plaintiff subjectively so perceived it.'" Pucino, 618 F.3d at 119 (quoting Brennan v. Metro. Opera Ass'n, 192 F.3d 310, 318 (2d Cir. 1999); accord Kassner, 496 F.3d at 240. In light of the undisputed record, the court can identify no material issues of fact such that a reasonable jury could find that Moreno-Cuevas experienced an objectively hostile work environment. Therefore, the court grants summary judgment in favor of defendants as to Moreno Cuevas's hostile work

---

[1] The proof required under Title VII is less onerous to a plaintiff than that required under the ADEA. See Estate of Hamilton, 627 F.3d at 56 (requiring, to succeed under Title VII, proof that adverse employment decision was motivated "at least in part" by the alleged discrimination); Gorzynski, 596 F.3d at 106 (requiring, to succeed under the ADEA, proof that employment decision would not have been made "but for" the alleged discrimination). Moreno-Cuevas's claims cannot survive even under Title VII's standard, as no reasonable jury could find, based on the evidence in the undisputed record, that defendants' decisions were motivated by discrimination on the basis of race, color, or national origin.

3

environment claim.

For the foregoing reasons, the court grants defendants' Motion for Summary Judgment (Doc. No. 157).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 17th day of March, 2011.

                                               /s/ Janet C. Hall
                                               Janet C. Hall
                                               United States District Judge