UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON MORENO-CUEVAS, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:09-CV-1237 (JCH) |
| | : | |
| v. | : | |
| | : | |
| HUNTINGTON LEARNING CENTER | : | MAY 25, 2011 |
| and KIMBERLY CARROLL, | : | |
| Defendants. | : | |

**ORDER RE: PLAINTIFF'S MOTIONS FOR RECONSIDERATION (Doc. No. 166, 168)**

On January 18, 2011, defendants, Huntington Learning Center and Kimberly Carroll, filed a Motion for Summary Judgment (Doc. No. 157) in this matter. Plaintiff, Ramon Moreno-Cuevas ("Moreno-Cuevas"), was required to respond by February 8. However, the court granted Moreno-Cuevas's Motion for an Extension of Time (Doc. No. 160) and moved plaintiff's response deadline to February 25.

On March 17, 2011, nearly three weeks after Moreno-Cuevas was required to respond, the court granted defendants' Motion for Summary Judgment, absent objection. See Doc. No. 164. As required by the federal rules, the court reviewed the record before it and determined that there were no material issues of fact such that a reasonable jury could find in plaintiff's favor. Id. Judgment entered in favor of defendants on March 18. See Doc. No. 165.

On April 19, 2011, Moreno-Cuevas filed the instant Motion for Reconsideration

1

(Doc. No. 168),[1] asking the court to revisit its Ruling granting Summary Judgment. In support of this request, Moreno-Cuevas accuses defendants of breaking into his computer and deleting his files, including the memorandum he prepared in opposition to defendants' Motion. See Pl.'s Mot. to Recons. 2-3. To bolster this accusation, Moreno-Cuevas attached an email from counsel for defendants sent to plaintiff a few days prior to when he discovered his files were missing.

Moreno-Cuevas's Motion for Reconsideration is untimely, see D. Conn. L. Civ. R. 7(c)(1) (requiring motions for reconsideration to be filed within fourteen days of the issuance of an order or ruling), and plaintiff fails to explain the lengthy delay.[2] Plaintiff did not file anything with the court for more than seven weeks after his deadline to respond had passed and over a month after the court ruled in favor of defendants. Therefore, the court will treat this as a Motion for Relief from Judgment under Rule 60. See Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010).

A court may relieve a party from a final judgment resulting from "misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). However, plaintiff must "establish[] by clear and convincing evidence that [defendants] engaged in . . . misconduct." Tyson v. City of New York, 81 F. App'x 398, 400 (2d Cir. 2003) (citing Fleming v. N.Y. Univ., 865

---

[1] Moreno-Cuevas filed another Motion for Reconsideration on April 18, 2011. See Doc. No. 166. However, this appears to be the same Motion as the one filed on April 19, but is missing some supporting documentation.

[2] Moreno Cuevas makes mention of not being able to contact the court ex parte. See Mot. to Recons. 2. However, he fails to explain how the ex parte prohibition prevented him from filing a timely motion for an extension of time.

F.2d 478, 484 (2d Cir. 1989)). Moreno-Cuevas's allegation that defendants hacked his computer in order to delete his files appears to have no basis in fact. His only evidence in support is an email sent from defense counsel to him four days before. This evidence cannot satisfy the "clear and convincing" standard.

For these reasons, the court denies plaintiff's Motion for Reconsideration (Doc. No. 168). The court terminates as duplicative plaintiff's previous filed Motion for Reconsideration (Doc. No. 166).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 25th day of May, 2011.

                                                 /s/ Janet C. Hall
                                                 Janet C. Hall
                                                 United States District Judge